Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTH STAR FISHING COMPANY LLC, a Washington limited liability company,<br><br>            Plaintiff,<br><br>and<br><br>EASTERN SHIPBUILDING GROUP, INC., a Florida corporation,<br><br>            Plaintiff,<br><br>v.<br><br>NORWEGIAN HULL CLUB, a mutual insurance company organized under the Laws of Norway; RSA INSURANCE GROUP PLC, f/k/a ROYAL & SUN ALLIANCE INSURANCE PLC, a general insurance company organized under the Laws of Great Britain; BRIT SYNDICATE 2987, a Lloyd's of London insurance syndicate, acting through BRIT SYNDICATES LIMITED, its managing agent; MARKEL SYNDICATE MANAGEMENT 3000, a Lloyds of London insurance syndicate, acting through MARKEL SYNDICATE MANAGEMENT LIMITED, its managing agent; QBE MARINE & ENERGY CSN 1036, a Lloyd's of London insurance syndicate, acting through QBE UNDERWRITING LIMITED, its managing agent; THE CHANNEL SYNDICATE 2015, a Lloyd's of London insurance syndicate, acting through THE CHANNEL | NO.   2:21-cv-01438-JLR<br><br>PLAINTIFF NORTH STAR FISHING COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND TRANSFER ACTION TO THE NORTHERN DISTRICT OF FLORIDA |

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND TRANSFER ACTION - 1
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

|   |   |
|---|---|
| MANAGING AGENCY LIMITED, its managing agent; NEON 2468, f/k/a MARKETFORM 2468, a Lloyd's of London insurance syndicate, acting through NEON UNDERWRITING LIMITED, its managing agent; and AGCS MARINE INSURANCE COMPANY, a general insurance company organized under the Laws of Illinois, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff North Star Fishing Company LLC ("North Star") respectfully submits this Response and the accompanying Declaration of J.D. Stahl in opposition to Defendants' Motion to Stay Proceedings and Transfer Action to the Northern District of Florida (Dkt. 9).

## SUMMARY OF ARGUMENT

North Star and its co-Assured under the subject insurance policy, plaintiff Eastern Shipbuilding Group, Inc. ("Eastern")—both have moved the Florida district court to abstain from hearing the Insurers' related, anticipatorily-filed declaratory action there in favor of this Washington action, as an exercise of the district court's discretion under the Declaratory Judgment Action, 28 U.S.C. § 2201.[1]  In their opposition to those motions, the Insurers have explicitly argued that, as the "first-filed" forum, the Florida district court "*is the appropriate court to decide whether the second-filed suit must be dismissed, stayed, transferred and/or consolidated.*"[2]  The Insurers argue likewise in their motion here.[3]  North Star agrees.

But instead of waiting for the Florida district court to determine whether or not it will entertain the Insurers' anticipatorily-filed declaratory action, the Insurers have also moved this Court to stay this action and transfer it to Florida.

---

[1] Stahl Decl., Exs. A – D.

[2] *Id.,* Ex. E at 32.

[3] Motion at 11 (Dkt. 9 at 11).

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND TRANSFER ACTION - 2
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

The related Florida action is a textbook example of an anticipatorily-filed declaratory suit—commenced by the Insurers for strategic forum-shopping advantage just 13 days after receiving the plaintiff Assureds' August 26, 2021 pre-suit notice letter under the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015.  *See Keystone Fruit Marketing, Inc. v. National Fire Ins. Co. of Hartford*, 2011 WL 3293390 *5 (Slip Op., August 1, 2011, E.D. Wash.) (declaratory action filed 13 days after pre-suit IFCA notice letter and seven days before insured could bring suit indicative of an anticipatory action).  Under the anticipatory suit exception to the first-filed rule—recognized by both the Eleventh Circuit and the Ninth Circuit—the Insurers' Florida action is entitled to no special deference as the first-filed action.  *See, e.g., Collegiate Leasing Co. v. American Cas. Co. of Reading, Pa.,* 713 F.3d 71, 79 (11th Cir. 2013) ("In that circumstance, the 'first-filed' court can decline to invoke the first-filed rule to retain the strategically filed action."); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ("The circumstances under which exception to first-to-file rule typically will be made include bad faith [citation omitted], anticipatory suit and forum shopping [citations omitted].").

        The Florida district court's decision whether to abstain from hearing the Insurers' declaratory action there will turn on essentially the same considerations raised in the Insurers' motion here:  the anticipatory suit exception to the first-filed rule, the two forums' relative nexus with and interests in the underlying insurance coverage disputes, the convenience of the parties, and the location of witnesses and evidence.  Given that the parties agree that the Florida district court, as the first-filed court, should decide in which forum this litigation should proceed, this Court should reject the Insurers' attempt to get "two bites of the apple" by bringing this duplicative motion here.  The Court should instead deny the Insurers' motion and allow discovery in this action to proceed pending the Florida district court's determination.  Regardless of which forum ultimately

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION
TO STAY PROCEEDINGS AND TRANSFER ACTION - 3
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

adjudicates this dispute, allowing discovery to proceed here in the interim will prejudice no one and will serve the interests of justice and a timely resolution of this dispute.

**FACTUAL AND PROCEDURAL BACKGROUND**

North Star is a fishing company organized under the laws of Washington with its headquarters in Seattle, Washington.[4] In December of 2015, North Star entered into a contract with Eastern for the construction of a new vessel (eventually to be named the "NORTH STAR") at Eastern's shipyard in Panama City.[5] In connection with the new vessel construction project, North Star procured the builders risk Policy that is the subject of this declaratory judgment action.[6] North Star and Eastern are the named Assureds under the Policy.[7]

North Star procured the Policy in Washington through Gallagher, its Seattle-based broker.[8] The Policy was issued in Seattle, Washington on January 20, 2016, as stated on the second page of the Policy.[9] No one located in Florida was involved in communications with the Insurers regarding the procuring, placement or issuance of the Policy.[10] Likewise, none of the Insurers subscribing to the Policy are citizens of Florida.[11]

---

[4] Complaint (Dkt. 1-4) ¶ 2.

[5] *Id.* ¶ 8.

[6] *Id.* ¶ 9.

[7] *Id.* ¶ 1.

[8] *Id.* ¶ 9; Supplemental Declaration of James C. Johnson in Support of Motion to Dismiss First Amended Complaint (Stahl Decl., Ex. C) ¶ 4.

[9] Complaint ¶ 9; Policy (Dkt. 11-4 at 7).

[10] Supp. Johnson Decl. ¶ 6.

[11] Notice of Removal of Action (Dkt. 1) ¶¶ 10-21.

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION
TO STAY PROCEEDINGS AND TRANSFER ACTION - 4
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

Eastern launched the vessel from its slipway on April 19, 2018, but the vessel was far from completed at that point.[12] On October 10, 2018, the NORTH STAR was caught by Hurricane Michael as the eye of the storm passed over Panama City.  The NORTH STAR broke loose from its mooring, drifted across a waterway, grounded and flooded, sustaining substantial damage.[13]

As the party who had procured the Policy through its Seattle-based broker, and had the policy delivered to it in Washington,  North Star took the lead in administering the insurance claim arising from the casualty, with the full participation and cooperation of Eastern.[14]  In the course of the claim, substantial disputes arose between the Assureds and the Insurers regarding the extent of coverage available to North Star and Eastern under the Policy, particularly with respect to the Escalation Clause of the Policy.[15]  The parties exchanged a series of correspondence regarding those coverage disputes over several months.[16]   Virtually all of this correspondence was between Mr. Johnson, of North Star, and Ms. Knudsen of Norwegian Hull Club, the lead underwriter on the Policy, located in Bergan, Norway.  Eastern was copied on all, or virtually all, of this correspondence.[17]

After months of correspondence failed to resolve the disputes, North Star and Eastern jointly issued a pre-suit notice letter to the Insurers on August 26, 2021.[18]  The Assureds' pre-suit notice letter stated that it was intended to fulfill the pre-suit notice

---

[12]  Supp. Johnson Decl. ¶ 7.

[13]  *Id.* ¶ 8; Complaint ¶ 18.

[14]  Supp. Johnson Decl. ¶ 9.

[15]  *Id.* ¶ 10; Complaint ¶¶ 22-26, 30.

[16]  Supp. Johnson Decl. ¶ 10; Complaint ¶ 30.

[17]  Supp. Johnson Decl. ¶ 10.

[18]  Complaint ¶¶ 30, 32; Declaration of Tonje Knudsen, Ex. 5 (Dkt. 10-5).

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION
TO STAY PROCEEDINGS AND TRANSFER ACTION - 5
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

requirements of both the Washington Insurance Fair Conduct Act, RCW Chapter 48.30, and the Florida Insurance Bad Faith Statute, Fla. Stat. § 624.155.[19]  The notice letter advised the Insurers that North Star and Eastern intended *"to pursue legal action to enforce their rights under the Policy and obtain legal redress for the Insurers' bad faith unless the Insurers promptly comply with their obligations."*[20]  The letter also requested *"that the Insurers submit to venue in the Superior Court of Washington for King County, pursuant to the Institute Service of Suit Clause (U.S.A.) of the Policy."*[21]

Just 14 days after receiving the Assureds' pre-suit notice letter (and before the 20-day pre-suit notice period under the Washington Insurance Fair Conduct Act had run), the Insurers commenced a declaratory judgment action in the Northern District of Florida on September 9, 2021.[22]  The Insurers ignored the Assureds' request that the Insurers submit to venue in the Superior Court of Washington for King County as the forum for resolution of these disputes.

Promptly after the 20-day pre-suit notice period under the Washington Insurance Fair Conduct Act expired, North Star and Eastern commenced their action against the Insurers in the Superior Court of Washington for King County, asserting claims for breach of contract, common law insurance bad faith, breach of the Washington Consumer Protection Act, breach of the Washington Insurance Fair Conduct Act, and declaratory judgment.[23]  The parties in the proceeding here in Washington are identical to the parties in the Florida action.

---

[19] Knudsen Decl., Ex. 5 (Dkt. 10-5 at 2).

[20] *Id.* (Dkt. 10-5 at 4).

[21] *Id.* (Dkt. 10-5 at 7).

[22] Declaration of Garrett S. Garfield, Ex. 3 (Dkt. 11-3).

[23] Complaint (Dkt. 1-4).

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION
TO STAY PROCEEDINGS AND TRANSFER ACTION - 6
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

On September 29, 2021, North Star moved the Florida district court to dismiss the Insurers' original Complaint for Declaratory Judgment in that forum for lack of subject matter jurisdiction or, alternatively, to abstain from entertaining that action in the exercise of its discretion under the Declaration Judgment Act.[24] Eastern filed its Notice of Joinder to North Star's motion on October 4.[25] In response to the Assureds' motion, the Insurers filed a First Amended Complaint for Declaratory Relief on October 12.[26]

On October 21, the Florida district court entered its Order Denying as Moot the Motion to Dismiss the Original Complaint.[27] In the Order, the Florida district court ruled that North Star and Eastern were correct that the case is not within the Court's admiralty jurisdiction and that the declaratory judgment statute does not provide an independent basis for subject matter jurisdiction. The Court further ruled, however, that the Insurers' Amended Complaint apparently included allegations sufficient to bring the case within the Court's diversity jurisdiction, and on that basis denied as moot the motion to dismiss the original Complaint. The Court invited the Assureds to again present the declaratory judgment abstention issue in any motion directed to the Insurers' Amended Complaint.[28]

On the same day, October 21, 2021, the Insurers removed North Star's and Eastern's Washington state court action to this Court.[29]

---

[24] Garfield Decl., Ex. 3 (Dkt. 11-3 at 5).

[25] *Id.*

[26] Garfield Decl., Ex. 1 (Dkt. 11-1).

[27] Garfield Decl., Ex. 2 (Dkt. 11-2).

[28] *Id.*

[29] Notice of Removal of Action (Dkt. 1).

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION
TO STAY PROCEEDINGS AND TRANSFER ACTION - 7
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

On November 4, 2021, North Star and Eastern both moved the Florida district court to dismiss the Insurers' Amended Complaint, requesting that the Florida court exercise its discretion under the Declaratory Judgment Act to abstain from entertaining the Insurers' anticipatorily-filed declaratory action there in favor of this Washington action.[30] The Insurers' filed their pending motion to stay and transfer this action later the same day, without referencing the filing of North Star's and Eastern's motions to dismiss the Florida action earlier that day.[31]

The Insurers' filed their opposition to North Star's and Eastern's motions to dismiss the Insurers' Amended Complaint in Florida on November 18, 2021.[32] In that opposition, the Insurers argue that the Florida district court "*is the appropriate court to decide whether the second-filed suit must be dismissed, stayed, transferred and/or consolidated*," citing *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013).[33] The Insurers also request in their opposition that the Florida district court "*issue an order enforcing the first-filed rule, including an order enjoining the Assureds from prosecuting their second-filed suit in the Western District of Washington, transferring the second-filed suit to this Court, and consolidating it with this action.*"[34]

The Insurers served their first requests for production of documents on North Star in the Florida action on November 9, 2021.[35] North Star served its first requests for

---

[30] Stahl Decl., Exs. A-D.

[31] (Dkt. 9).

[32] Stahl Decl., Ex. E.

[33] *Id.* at 32-33.

[34] *Id.* at 32.

[35] Stahl Decl. ¶ 5.

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND TRANSFER ACTION - 8
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

production of documents on the Insurers in the Washington action on November 18.[36]

## ARGUMENT AND AUTHORITIES

A. <u>The Court Should Deny the Insurers' Motion and Wait for the Florida District Court to Rule Whether or Not it Will Entertain the Insurers' Anticipatorily-Filed Declaratory Action There</u>.

North Star would be happy to have either this Court or the Florida district court determine the most appropriate forum for the adjudication of this coverage dispute in light of the factual and procedural background set forth above. But all parties acknowledge that the Florida district court is the appropriate court to decide that question. *See, e.g.*, *Collegiate Leasing Co.*, 713 F.3d at 78; *Alltrade, Inc.*, 946 F.2d at 628; Motion (Dkt. 9-11). The Insurers' motion here is misplaced. The Insurers are not entitled to "two bites of the apple" on the question of the appropriate forum for the adjudication of this dispute.[37] The Insurers' motion accordingly should be denied pending the Florida district court's determination of whether it will entertain, or rather exercise its discretion to abstain from entertaining, the Insurers' anticipatorily-filed declaratory action there. In the interim, the Insurers will suffer no prejudice proceeding with document discovery in both forums.

## CONCLUSION

For the foregoing reasons, North Star respectfully requests that Defendants' Motion to Stay Proceedings and Transfer Action to the Northern District of Florida be denied.

///

///

///

---

[36] Stahl Decl. ¶ 6.

[37] Were this Court inclined to consider the Insurers' motion now, before the Florida district court's determination of the pending motions there, then North Star would incorporate by reference the arguments and authorities set forth in its motion to dismiss the Florida action. *See* Stahl Decl., Exs. A-C.

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION
TO STAY PROCEEDINGS AND TRANSFER ACTION - 9
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950

DATED this 22nd day of November, 2021.

        MUNDT MacGREGOR L.L.P.

        By *s/ J. David Stahl*
         J. David Stahl
          WSB No. 14113
         271 Wyatt Way NE, Suite 106
         Bainbridge Island, Washington 98110
         Primary: jdstahl@mundtmac.com
         Secondary: tdrifmeyer@mundtmac.com
         Telephone: (206) 624-5950

        SPENCER HALL PLLC

        By *s/Spencer Hall*
         Spencer Hall
          WSB No. 6162
         316 Occidental Avenue S., Suite 500
         Seattle, Washington 98104
         Primary: shall@sh-assoc.com
         Secondary: kbenedict@sh-assoc.com
            spierce@sh-assoc.com
         Telephone: (206) 292-5900

        Attorneys for Plaintiff North Star Fishing Company LLC

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Franklin D. Cordell | fcordell@gordontilden.com |
| | jlucien@gordontilden.com |
| Greg D. Pendleton | gpendleton@gordontilden.com |
| | chudson@godrontilden.com |

Gordon Tilden Thomas Cordell
One Union Square
600 University Street, Suite 2915
Seattle, Washington  98101
Telephone: (206) 467-6477
Fax: (206) 467-6292

**Attorneys for Plaintiff Eastern Shipbuilding Group, Inc.**

Garrett S. Garfield           garrett.garfield@hklaw.com
Holland & Knight LLP
601 SW Second Avenue, Suite 1800
Portland, Oregon  97204
Telephone: (503) 243-2300
Fax: (503) 241-8014

**Attorneys for Defendants Norwegian Hull Club and subscribing Underwriters to the Policy Number MAHHY1603684**

s/ *J. David Stahl*
J. David Stahl

NORTH STAR'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND TRANSFER ACTION - 11
(2:21-cv-01438-JLR)

MUNDT MACGREGOR L.L.P.
ATTORNEYS AT LAW
271 Wyatt Way NE, Ste. 106, Bainbridge Is., WA 98110
Telephone (206) 624-5950