1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

NORTH STAR FISHING
COMPANY LLC, et al.,

CASE NO. C21-1438JLR

11

                              Plaintiffs,

ORDER GRANTING MOTION
TO DISMISS AND DENYING
MOTION TO TRANSFER

12

        v.

13

NORWEGIAN HULL CLUB, et al.,

14

                              Defendants.

15

16

## I.    INTRODUCTION

17
        Before the court are (1) the motion to dismiss filed by Defendants Norwegian Hull

18
Club and the subscribing underwriters to the insurance policy at issue in this action[1]

19
(collectively, "NHC") (MTD (Dkt. # 21); MTD Reply (Dkt. # 27)) and (2) the motion to

20

21

22

---

[1] The subscribing underwriters are Royal & Sun Alliance Insurance Limited ("RSA"), Brit Syndicate 2987 ("Brit"), Markel Syndicate Management 3000 ("Markel"), QBE Marine & Energy CSN 1036 ("QBE"), Channel Syndicate 2015 ("Channel"), Neon 2468 ("Neon"), Marketform 2468 ("Marketform"), and Allianz Global Corporate & Specialty Marine Insurance Company ("AGCS") (collectively, the "subscribing underwriters").  (*See* Compl. (Dkt. # 1-4).)

transfer this case to the United States District Court for the Northern District of Florida filed by Plaintiff North Star Fishing Company LLC ("North Star") (MTT (Dkt. # 22); MTT Reply (Dkt. # 28)).  Plaintiff Eastern Shipbuilding Group, Inc. ("ESG") joins in North Star's motion to transfer.  (4/25/22 Not. of Joinder (Dkt. # 23).)  North Star and NHC oppose one another's motions.  (MTD Resp. (Dkt. # 25); MTT Resp. (Dkt. # 24); *see also* 5/2/22 Not. of Joinder (Dkt. # 26) (indicating ESG's joinder in North Star's opposition to NHC's motion to dismiss).)  Being fully advised,[2] the court GRANTS NHC's motion to dismiss and DENIES North Star's motion to transfer.

## II.    BACKGROUND

This action concerns a coverage dispute that arises from an insurance agreement (the "Policy") between North Star and ESG, as insureds, and NHC and the subscribing underwriters, as insurers.  (Compl. ¶ 1.)  The parties dispute the amount of coverage North Star and ESG are due from NHC for damages caused by Hurricane Michael to a fishing vessel that was then under construction.  (*See generally id.*)  On September 9, 2021, NHC filed a declaratory judgment action against North Star and ESG in the United States District Court for the Northern District of Florida.  (*See* 11/30/21 Order (Dkt. # 17) at 2-4 (explaining the factual and procedural background of this case[3]); *see also*

---

[2] No party requests oral argument (*see* MTD at 1; MTD Resp. at 1; MTT at 1; MTT Resp. at 1) and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] Because the court set forth the factual and procedural background of this case in detail in its November 30, 2021 order (*see* 11/30/21 Order at 2-4), the court focuses here on the procedural developments that are relevant to the instant motions.

1   *Norwegian Hull Club v. North Star Fishing Co. LLC*, Case No. 5:21-cv-00181-RH-MJF

2   (N.D. Fla.) (the "Florida Case").)  Two weeks later, North Star and ESG filed a complaint

3   in King County Superior Court, alleging claims against NHC for breach of contract;

4   insurance bad faith; violation of the Washington Consumer Protection Act ("WCPA"),

5   ch. 19.86 RCW; violation of the Washington Insurance Fair Conduct Act ("WIFC"), ch.

6   48.30 RCW; and declaratory judgment.  (*See generally* Compl.)

7        NHC removed the action to this court on October 21, 2022.  (*See* Not. of Removal

8   (Dkt. # 1).)  The parties then filed dueling motions in the Florida Case and in this court:

9   North Star and ESG separately moved in the Florida Case to either dismiss the Florida

10   Case or transfer it to this court, and NHC moved in this court to either transfer this case

11   to the Northern District of Florida or stay it pending the resolution of North Star and

12   ESG's motions in the Florida Case.  (*See* North Star Florida MTD (Florida Case Dkt.

13   # 25[4]); ESG Florida MTD (Florida Case Dkt. # 27); NHC MTT (Dkt. # 9).)  On

14   November 30, 2021, the court denied NHC's motion to transfer and granted its motion to

15   stay pending the Northern District of Florida's decision on North Star and ESG's motions

16   to dismiss.  (11/30/21 Order at 4-7.)

17        On March 21, 2022, the parties filed notice that the Northern District of Florida

18   had denied North Star and ESG's motions to dismiss and concluded that NHC's

19   declaratory judgment action should proceed in that district under the first-to-file rule[5] or

20

21        [4] The court uses this shorthand to refer to filings in the Florida Case.

22        [5] The first-to-file rule "is a generally recognized doctrine of federal comity which permits
    a district court to decline jurisdiction over an action when a complaint involving the same parties

under 28 U.S.C. § 1404 (governing transfer of venue).  (3/21/22 Not. (Dkt. # 18); *see also*

N.D. Fla. Order (Florida Case Dkt. # 40).)  The parties stated that they disagreed about

whether this case should now be transferred to the Northern District of Florida or

dismissed altogether.  (3/21/22 Not. at 2.)  Shortly thereafter, NHC notified the court that

North Star and ESG had filed answers, affirmative defenses, and counterclaims in the

Florida Case.  (Not. of Filing (Dkt. # 19).)  Specifically, North Star and ESG asserted

counterclaims nearly identical to the claims asserted in this case for breach of contract,

insurance bad faith, violations of the WCPA and WIFC, and declaratory judgment, in

addition to a new counterclaim in the alternative for reformation of the Policy.  (*See id.*

Ex. 1 at 17-41 ("North Star Counterclaims") ¶¶ 33-60; *id.* Ex. 2 at 11-30 ("ESG

Counterclaims") ¶¶ 32-61.)  The court lifted the stay in this case on March 29, 2022.

(3/29/22 Order (Dkt. # 20).)  The instant motions followed.  (*See* MTD; MTT.)

On April 18, 2022, NHC moved in the Florida case to dismiss North Star and

ESG's insurance bad faith counterclaims.  (*See* MTD Resp., App'x 1 (NHC Florida MTD

(Florida Case Dkt. # 46)).)  In that motion, NHC argues that (1) under Florida's choice of

law rules, North Star and ESG's insurance bad faith claims must be governed by New

York law in accordance with the parties' contractually agreed-to choice of law provision,

and (2) under the applicable New York law, North Star and ESG's claims are foreclosed.

(*See id.* at 4-9.)  On May 2, 2022, shortly before the parties filed their responses to one

another's motions in this court, North Star and ESG filed amended counterclaims in the

---

and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93, 94–95 (9th Cir. 1982) (citations omitted).

1  Florida Case in which they dropped their claims for insurance bad faith.  (*See* MTT Resp.

2  at 3 n.1; *see also* North Star 1st Am. Ans. (Florida Case Dkt. # 47); 5/2/22 Not. of Filing

3  (Florida Case Dkt. # 48); ESG 1st Am. Ans. (Florida Case Dkt. # 49).)

4  ### III.   ANALYSIS

5  The issue before the court is whether to dismiss this case or transfer it to the

6  Northern District of Florida.  Because there is no dispute that this second-filed case and

7  the first-filed Florida Case involve the same parties and issues, the first-to-file rule places

8  this decision in the court's discretion.  *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765,

9  768-69 (9th Cir. 1997).  NHC urges the court to dismiss this action because, it asserts,

10  North Star and ESG have now filed counterclaims in the Florida Case that are "identical

11  in all material respects and wholly duplicative of their claims" in this action, and thus

12  dismissal would "best serve the interest of efficiency and judicial economy."  (MTD at

13  2-3 (citing Not. of Filing).)  In response to North Star's motion, NHC further argues that

14  this action must be dismissed because the claims North Star and ESG asserted here are

15  compulsory counterclaims that they were required to assert in the first-filed Florida Case

16  under Federal Rule of Civil Procedure 13(a), rather than in a separate action.  (MTT

17  Resp. at 4-12.)

18  In contrast, North Star and ESG move the court to transfer this action to the

19  Northern District of Florida for consolidation with the Florida Case "to preserve the

20  choice of law rules applicable to the Washington insurance bad faith claims North Star

21  has asserted in its complaint here in Washington."  (MTT at 1.)  They also point out that

22  NHC did not seek dismissal when it moved in November 2021 to transfer this case to the

1    Northern District of Florida.  (MTT at 2-3 (citing NHC MTT); MTD Resp. at 5-6; MTT

2    Reply at 2-3.)

3          The court agrees with NHC that dismissal is appropriate under the first-to-file rule

4    and Federal Rule of Civil Procedure 13(a).  Rule 13(a) provides that "[a] pleading must

5    state as a counterclaim any claim that—at the time of its service—the pleader has against

6    an opposing party if the claim:  (A) arises out of the transaction or occurrence that is the

7    subject matter of the opposing party's claim; and (B) does not require adding another

8    party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a).  Rule 13(a)

9    "was designed to prevent multiplicity of actions and to achieve resolution in a single

10   lawsuit of all disputes arising out of common matters."  *S. Constr. Co. v. Pickard*, 371

11   U.S. 57, 60 (1962).  "The Rule bars a party who failed to assert a compulsory

12   counterclaim in one action from instituting a second action in which that counterclaim is

13   the basis of the complaint."  *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*,

14   652 F.2d 852, 854 (9th Cir. 1981) (citing *S. Constr. Co.*, 371 U.S. at 60).  A counterclaim

15   is compulsory if there is a "logical relationship" between the claim and the counterclaim.

16   *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *see also*

17   *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir.

18   1985) (noting that the "logical relationship" test applies in the Eleventh Circuit).  Federal

19   courts "will not permit an action to be maintained where the claims should have been

20   brought as a compulsory counterclaim in an earlier action."  *Vashist-Rota v. Howell*

21   *Mgmt. Servs., LLC*, 837 F. App'x 575, 576 (9th Cir. 2021) (quoting *Beck v. Fort James*

22   *Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 973 n.7 (9th Cir. 2005)); *see also*

1    *Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-CV-01944-LHK, 2012 WL 588792, at *3,

2    *7 (N.D. Cal. Feb. 22, 2012) (dismissing second-filed action under the first-to-file rule

3    and Rule 13(a)).

4         Here, North Star and ESG acknowledge that they asserted their counterclaims in

5    the Florida Case under the compulsory counterclaim rules of Federal Rule of Civil

6    Procedure 13(a).  (MTD Resp. at 3 (stating that North Star "asserted as compulsory

7    counterclaims the same five claims originally asserted in this action"); MTT at 4 n.2; *see*

8    4/25/22 Not. of Joinder (joining in North Star's motion); 5/2/22 Not. of Joinder (joining

9    in North Star's response).)  And the court has no trouble independently concluding that

10   these counterclaims were compulsory:  they arose under the same Policy and involve the

11   same incident (damage to the vessel at issue that resulted from Hurricane Michael in

12   2018) as the claim for declaratory judgment that was first filed by NHC in the Florida

13   Case.  (*See* 11/30/21 Order at 2-4 (detailing the background of this case).)  Because all

14   the claims North Star and ESG allege in this action are necessarily compulsory

15   counterclaims in the Florida Case, the court finds that it is in the "interest of efficiency

16   and judicial economy" to dismiss this case rather than transfer it.  *See Cedars Sinai Med.*

17   *Ctr.*, 125 F.3d at 769.  Accordingly, under Rule 13(a) and the discretion entrusted to the

18   court by the first-to-file rule, the court concludes that dismissal of this action without

19   prejudice is appropriate.

20        North Star's argument that the case should be transferred so that it and ESG can

21   rely on Washington's choice of law rules rather than Florida's rules does not change this

22   result.  (*See* MTT at 3-4.)  As noted above, North Star acknowledges that its claims are

1  compulsory counterclaims in the Florida Case.  Thus, it was required to assert those

2  claims in the Florida Case—and be subject to Florida's choice of law rules—in the first

3  instance.  *See* Fed. R. Civ. P. 13(a).  Furthermore, North Star does not address how

4  Florida's choice of law rules affect its case now that North Star and ESG have dropped

5  their insurance bad faith claims.[6]  (*See generally* MTT Reply.)  Nor is the court

6  persuaded by North Star's argument that NHC has failed to justify its change of position

7  since its November 2021 motion to transfer.  In light of the procedural developments in

8  this case and the Florida Case over the past several months, the court finds nothing

9  untoward in NHC's explanation of why it now moves to dismiss this case when it

10  previously moved to transfer.  (*See* MTD Reply (Dkt. # 19) at 5-6.)  Therefore, the court

11  GRANTS NHC's motion to dismiss and DENIES North Star' motion to transfer.

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19

20  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [6] The court also is not persuaded by North Star's citation *to Commercial Money Center v.

21  Safeco Insurance Company of America*, 605 F. App'x 609, 611-12 (9th Cir. 2015).  (MTT at 4.)
    The issue in that case was whether the District of Nevada court properly decided a choice of law
    issue *after* the case was transferred to it from the District of Georgia under the compulsory

22  counterclaim and first-to-file rules.  *Com. Money Ctr.*, 605 F. App'x at 611-12.  The case does
    not address the propriety of the decision to transfer in the first instance.  *See generally id.*

1

## IV.   CONCLUSION

2          For the foregoing reasons, the court GRANTS NHC's motion to dismiss (Dkt.

3  # 21) and DENIES North Star's motion to transfer (Dkt. # 22).  This action is

4  DISMISSED without prejudice and without an award of costs or fees to any party.

5          Dated this 9th day of May, 2022.

6

7                                                    _____

8                                                    JAMES L. ROBART
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22